6-9-06

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:                              )
                                    )
DANNY LEE CARR                      )     CASE NO. 06-386
                                    )
         Debtor.                    )     Chapter 13

### MEMORANDUM OPINION

This case came before the court on June 8, 2006, pursuant to a motion to extend the automatic stay beyond the 30th day following the filing of this case pursuant to 11 U.S.C. § 362(c)(3)(B). The motion was unopposed, and conducted by video in Wheeling, West Virginia and in Martinsburg, West Virginia. At the hearing the court heard testimony, received evidence, and ruled that the automatic stay was extended as to all creditors until such time as the stay was otherwise terminated under applicable law. This memorandum opinion memorializes the court's ruling from the bench and sets forth the relevant guidelines that the court deems applicable to determining whether or not the automatic stay should be extended pursuant to § 362(c)(3)(B).

### I. BACKGROUND

Danny Lee Carr (the "Debtor") is an over-the-road truck driver. Some months before March 2006, the engine in his rig blew, it cost him about $12,500 to repair it, and he was out of work for a period of time. Consequently, the Debtor fell several months behind on his mortgage payments and received a notice of foreclosure on his principal residence. On March 20, 2006, the Debtor filed a Chapter 13 bankruptcy petition because, as stated by the Debtor, it was just too "hard to climb back up the ladder." The court, however, dismissed that case because the Debtor had failed to meet the eligibility requirements of 11 U.S.C. § 109(h) inasmuch as he had failed to obtain pre-petition, non-profit, approved, budget and credit counseling services. *See In re Carr*, No. 06-189 (Bankr. N.D. W. Va. May 3, 2006).

1

After filing his March 20, 2006 bankruptcy petition, the Debtor obtained the requisite credit counseling services in compliance with 11 U.S.C. § 109(h). The Debtor then filed this Chapter 13 case – his second bankruptcy case in a one-year period – on May 12, 2006, and filed his motion to extend the automatic stay on the same day.

On Schedule I, the Debtor lists his monthly gross income as $13,708. On Schedule J, the Debtor lists his monthly expenditures as $12,025 (which includes the costs of operating his rig), which left monthly disposable income of $1,683 without regard to Form B22C. The Debtor's proposed monthly plan payment is also $1,683, and the Debtor testified that he had the financial ability to make his plan payments in the future.

## II. DISCUSSION

The Debtor contends that his second bankruptcy petition was filed in good faith and that the automatic stay of 11 U.S.C. § 362(a) should be extended beyond the 30th day after the filing of this petition pursuant to the terms of § 362(c)(3)(B).

Section 362(c)(3)(A) states that "if a . . . case is filed by . . . debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed . . . (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case." 11 U.S.C. § 362(c)(3)(A). Read literally, the court is unsure of exactly what this section means. *See, e.g.*, *In re Paschal*, 337 B.R. 274, 277 (Bankr E.D.N.C. Jan. 6, 2006) (referring to section 362(c)(3)(A) as "a puzzler" and stating that a literal reading of the statute would render it virtually meaningless because to apply, a debtor would be required to have three pending cases at the same time); *see also In re Baldassaro*, 338 B.R. 178, 184 (Bankr. D.N.H. 2006) ("Since the statutory language of § 362(c)(3) is not consistent and coherent, and a strict reading of the plain language would lead to an absurd result, the Court must look to the legislative history.").

To avoid whatever negative results that may occur should the automatic stay be modified on the 30th day after the filing of the petition pursuant to 11 U.S.C. § 362(c)(3)(A), a debtor may file a motion to extend the automatic stay beyond that 30-day period pursuant to § 362(c)(3)(B). This latter section provides:

2

> [O]n the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed . . . .

§ 362(c)(3)(B)

Thus, the essential determination that must be made by the Court – before the expiration of the 30-day period – is whether the current case is filed in good faith. The Bankruptcy Code does not define "good faith" for purposes of extending the automatic stay, but there are at least three other provisions of the Bankruptcy Code where a "good faith" inquiry is also relevant: 707(a) – in jurisdictions recognizing that standard – 1307(c), and 1325(a)(3).[1] Of those three provisions, section 1325(a)(3) is of limited value because it focuses on the date of confirmation and the proposed plan, which is "a completely different time period from the timing of the debtor's filing of a case." *In re Galanis*, 334 B.R. 685, 692 (Bankr. D. Utah 2005) ("It is entirely possible that a debtor might file a bankruptcy case in good faith, but later propose a chapter 13 plan not in good faith.").

For jurisdictions in which a good faith threshold is applicable to chapter 7 cases under section 707(a), good faith " 'requires a showing of honest intention.' " *Tamecki v. Frank (In re Tamecki)*, 229 F.3d 205, 207 (3d Cir. 2000) (citation omitted). Where recognized, however, a dismissal of a case for a lack of good faith under section 707(a) should only be utilized "in those egregious cases that entail concealed or misrepresented assets and/or sources of income, lavish lifestyles, and intention to avoid a large single debt based upon conduct akin to fraud, misconduct or gross negligence."[2] *In re Zick*, 931 F.2d 1124, 1129 (6th Cir. 1991). Unlike 707(a) cases, however, a court is not faced with the severe sanction of dismissal when determining if good faith is present in a motion to extend the automatic stay; thus, an analogy to a "good faith" standard under section

---

[1] Section 1325(a)(7) also requires, as a condition to confirmation, that the petition be filed in good faith. This section is only applicable to cases filed on or after October 17, 2005, and as yet there is no specific body of jurisprudence defining what "good faith" means in that context.

[2] The court expresses no opinion in this case regarding the applicability of a good faith standard under 11 U.S.C. § 707(a).

707(a) is imperfect.

Likewise, "good faith" under section 1307(c) "is a broad inquiry focusing on the fairness involved in the initiation of Chapter 13 bankruptcy proceedings." *In re Love*, 957 F.2d 1350, 1360 (7th Cir. 1992) ("[G]ood faith under Section 1307(c) should be determined by looking to the totality of circumstances."). Factors that the *Love* court considered when making a § 1307(c) good faith determination include "the nature of the debt, including the question of whether the debt would be nondischargeable in a Chapter 7 proceeding; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors. *Id.* at 1357. Similar to § 707(a) cases, the result of a finding of a lack of good faith under section 1307(c) is either a dismissal or a conversion of the case – results that are not consistent with the automatic lifting of the stay pursuant to the criteria set forth in § 362(c)(3)(A).

Accordingly, no perfect analytical carryover from another part of the Bankruptcy Code exists regarding the good faith inquiry to be undertaken in section 362(c)(3)(B) cases. This court agrees that the totality of the circumstances test applies to section 362(c)(3)(B) cases. *E.g.*, *Baldassaro*, 338 B.R. at 188 (using a totality of the circumstances test); *In re Havner*, No. 05-14505 (Bankr. M.D.N.C. Jan. 4, 2006) ("This Court will use the totality of the circumstances test for the purpose of determining whether a case is filed in good faith for the purposes of Section 362(c)(3)(B) . . . ."); *Galanis*, 334 B.R. at 692 (same). In making its determination on whether good faith is present as to the creditors to be stayed under section 362(c)(3)(B), this court will focus on six, non-exclusive factors.

First, and most importantly, the debtor's present case should have a reasonable probability of success. *E.g.*, *In re Charles*, 334 B.R. 207 (Bankr. S.D. Tex. 2005) (reciting that no case could be filed in good faith unless it has a reasonable probability of success). While this factor is of limited value in chapter 7 cases, a reasonable probability of success requires, at a minimum, that the debtor have sufficient income after expenses to fund the debtor's proposed plan and that no other impediment exists that will require the dismissal of the case.

Second, the court will consider why the prior case was dismissed. For example, in a chapter

4

13 case, good faith is more apt to be present in the subsequent filing if the debtor's prior case was dismissed for circumstances beyond the debtor's control – such as an unanticipated job loss or sudden illness – than if the debtor's case was dismissed based on attempts to manipulate the bankruptcy system or to engage in some other bad conduct.

Third, the debtor should demonstrate what has changed, if anything, in the time between the dismissal of the prior case and the commencement of the current case. Put simply, the debtor needs to offer some reasonable assurance that whatever caused the dismissal of the prior case will not repeat in the current case.

Fourth, the debtor should demonstrate that creditors have not suffered any untoward prejudice due to the lapse of time between the dismissal of the prior case and the filing of the current case. For example, allowing only a short period of time to pass between the prior dismissal and the current filing indicates that good faith exists because the shorter the time frame, the less likely it is that the debtor's creditors have incurred additional collection expenses, or that collateral has significantly depreciated. It does not necessarily follow, however, that a relatively lengthy delay is evidence of the lack of good faith inasmuch as the impediment that cause the dismissal of the prior case may be of some duration; likewise, the delay may have been due to the debtor's efforts to reach a resolution with the debtor's creditors outside of bankruptcy. The court cautions, however, that the mere fact that creditors are not currently being paid as a result of the current filing is not the kind of prejudice that weighs against a debtor seeking to show that the current case is filed in good faith.

Fifth, the debtor should show how the debts arose and what the debtor's motivation is for filing bankruptcy. For example, has the debtor concealed or misrepresented assets and/or sources of income, engaged in a lavish lifestyles, or is the debtor attempting to avoid a single debt based upon conduct akin to fraud, misconduct, or gross negligence.

Sixth, the lack of any objection from the trustee or any creditor is some indication that the parties in interest believe that the debtor is proceeding in good faith, and consequently, is a relevant factor for the Court to consider.

These six factors are not exclusive, and a court cannot craft a set of factors that will necessarily be applicable to every case. *E.g.*, *Tamecki*, 229 F.3d at 207 ("Courts can determine good faith only on an ad hoc basis . . . . the . . . [determination of] good faith rests within the sound

discretion of the bankruptcy court."). By directing the parties to focus on the above factors, however, the court is hopeful that future section 362(c)(3)(B) hearings will be conducted expeditiously and efficiently.

Applying the facts in this case to the above factors, the court finds that: (1) The Debtor's current case has a reasonable probability of success because the Debtor demonstrated that he had sufficient income after expenses to fund his proposed Chapter 13 plan. The Debtor also testified that he was now getting better "runs," he is leasing a rig instead of using his own, and that he expected to have greater earnings in the future with which to make his plan payments. (2) The Debtor's prior case was dismissed due to the Debtor's failure to obtain pre-petition, non-profit, approved, budget and credit counseling services. The court finds no evidence that the Debtor attempted to manipulate the bankruptcy system or engage in other bad conduct by failing to comply with the newly imposed requirements of § 109(h). (3) Before filing his current case, the Debtor obtained the requisite credit counseling services, and no danger exists that this case will be dismissed on the same basis. (4) A period of nine days elapsed between the dismissal of the Debtor's prior case and the filing of his current case. No indication is present that any creditor was prejudiced by the time delay between the Debtor's prior dismissal and current refiling. (5) The Debtor's motivation for filing bankruptcy is to save his principal residence from foreclosure after suffering a period of time when the Debtor was unable to earn income in his chosen profession. No evidence exists that the debtor concealed or misrepresented assets and/or sources of income, engaged in a lavish lifestyle, or is attempting to avoid a single debt based upon conduct akin to fraud, misconduct, or gross negligence. (6) No party has objected to the Debtor's motion to extend the automatic stay, which is evidence of the Debtor's good faith in the filing of his current case.

### III. CONCLUSION

For the above-stated reasons, the court will extend the automatic stay of 11 U.S.C. § 362(a) beyond the 30th day after the filing of the petition pursuant to § 362(c)(3)(B). A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.